JAIME A. LEANOS, Esq. - SBN: 159471
LAW OFFICE OF MORALES & LEANOS
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:   (408) 294-6800
Facsimile:    (408) 294-7102
E-mail:        jleanoslaw@pacbell.net

Attorney for Plaintiff
Eliel Paulino

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ELIEL PAULINO,<br><br>            Plaintiff,<br><br>    v.<br><br>MARCO CRUZ, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, GERARDO SILVA, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, GURBAKSH SOHAL, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE,<br><br>            Defendants. | **CASE NO:   CV 16-02642 - NC**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Excessive Force (42 U.S.C §1983)<br>2. Battery<br>3. Negligence<br>4. Intentional Infliction of Emotional Distress<br>5. Violation of Cal. Civil Code § 52.1<br><br>**(JURY  TRIAL DEMANDED)** |

    Plaintiff, ELIEL PAULINO, hereby alleges as follows:

////

-1-                CV 16-02642-NC

FIRST AMENDED COMPLAINT FOR DAMAGES

## I. INTRODUCTION

1. This is a civil action seeking damages arising from the illegal and unconstitutional arrest, use of excessive force, battery, false imprisonment and intentional infliction of emotional distress of Eliel Paulino ("Plaintiff") by San Jose Police Officers Marco Cruz, Gerardo Silva and Gurbaksh Sohal [Collectively, "Defendants"].

2. On August 16, 2015, Eliel Paulino was illegally detained and arrested for a misdemeanor violation of Vehicle Code Section 23152(a) (Driving Under the Influence) and Penal Code Section 148(a)(1) (Resisting, Delaying, Obstructing a Police Officer.)

3. During the arrest, Defendants physically assaulted and slammed the Plaintiff into a police patrol vehicle and on to the ground without legal justification. Defendants then struck Plaintiff with their batons approximately fifteen to 20 times as he lay defenseless and unable to protect himself from their attack.

4. Defendants submitted false police reports claiming Plaintiff had resisted arrest and assaulted them to cover up their illegal and unconstitutional conduct. On September 28, 2015, the Santa Clara County District Attorney's Office filed a criminal complaint alleging misdemeanor driving under the influence of alcohol and resisting arrest charges against Plaintiff. On March 29, 2016, the Santa Clara County District Attorney's Office dismissed the criminal case against the Plaintiff.

5. As a result of the excessive force by Defendants, Plaintiff sustained puncture wounds from the baton strikes and had four staples inserted into his right arm. Plaintiff also suffered bruising to his arm, legs, upper torso and abrasions to his knees and other injuries that required him being taken to the hospital. In addition to the physical harm suffered, Plaintiff was also subjected to mental anguish and emotional pain.

6. Plaintiff now brings this action for damages and to vindicate his civil rights under the California and United States Constitution.

## II. **JURISDICTION AND VENUE**

7. This Court has jurisdiction of the subject matter of this action under 42 U.S.C. Sections 1983 for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States. The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331.

8. The Court has personal jurisdiction over the named Defendants herein because the Plaintiff is informed and believes and on that basis alleges that the defendants are currently domiciled in the State of California.

9. The court has pendant and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. Section 1367. The pendant state law claims contained in this Complaint arises from the same nucleus of operative facts, and involves identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

10. On or about February 12, 2016, Plaintiff presented a written claim for damages to the City pursuant to California Government Code Section 910 et seq. Pursuant to California Government Section 911.6, subdivision (c) and 912.4 subdivision (c) the statutory deadline to respond has now passed and Plaintiff's claim is deemed rejected. This complaint is thus timely and properly commenced on all state claims pursuant to applicable provisions of the Government Code.

11. Venue is proper in the Northern District of California, under 28 U.S.C. Section 1391(b)(1) and (2) because some or all of the Defendants to this action reside in this District and because a substantial part, if not all, of the events or omissions giving rise to Plaintiffs' claim occurred in this judicial district.

////

## III. INTRADISTRICT ASSIGNMENT

12. Pursuant to Northern District Civil Local Rule 3-29 (c), intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara.

## IV. PARTIES

13. The Plaintiff in this case is Eliel Paulino and was at all relevant times, a resident of the City of San Jose, County of Santa Clara, State of California.

14. Defendant Marco Cruz ("Officer Cruz"), sued in both his individual and official capacities, is a resident of California on information and belief, and all relevant times was a Police Officer for the City of San Jose.

15. Defendant Gerardo Silva ("Officer Silva"), sued in both his individual and official capacities, is a resident of California on information and belief, and all relevant times was a Police Officer for the City of San Jose

16. Defendant Gurbaksh Sohal ("Officer Sohal"), sued in both his individual and official capacities, is a resident of California on information and belief, and all relevant times was a Police Officer for the City of San Jose

17. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every Defendant was the agent, servant, employee, and/or representative of each and every other Defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every Defendant is jointly and severally responsible and liable to the Plaintiff for the damages hereinafter alleged.

18. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names

and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Doe defendants are legally responsible and liable for the incident, injuries, and damages set forth herein, and that each of the Defendants' proximately caused said incident, injuries, and damages by reason of their violation of constitutional and legal rights, negligence, breach of duty, negligent supervision, management or control, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment or control or upon any other act or omission.

19. Each of the Defendants, including Does 1 through 10, caused and are responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so, with deliberate indifference to Plaintiff's rights.

20. In doing the acts and/or omissions alleged herein, Defendants and each of them, acted within the course and scope of their employment for the City of San Jose.

21. In doing the acts and/or omissions alleged herein, Defendants and each of them, acted under color of authority and/or under color of law.

22. In doing the acts and/or omissions alleged herein, Defendants and each of them acted as the agent, servant, employee and/or in concert with each of said other defendants.

23. All individual Defendants are guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

24. Plaintiff, Eliel Paulino, was seriously injured, emotionally and physically, as a direct and proximate result of the actions of the Defendants and Does 1-10.

////

////

## V. **FACTUAL ALLEGATIONS**

25. On August 16, 2016, at approximately 2:00 a.m., Mr. Paulino was pulled over for driving without a front license plate light. Mr. Paulino was arriving home and parked in his assigned parking space and exited his vehicle. Mr. Paulino was then contacted by Officer Sohal and Officer Silva who patted him down and did a background check. Mr. Paulino cooperated the entire time.

26. A nearby security camera video recorded the traffic stop and aftermath.

27. While Mr. Paulino was being detained, Officer Cruz arrived. Officer Cruz then positioned himself next to Mr. Paulino while Officer Sohal and Officer Silva conducted their investigation. Mr. Paulino stood next to the front right quarter panel of the patrol vehicle and remained calm. At no time did Mr. Paulino argue, challenge, or question the officers.

28. As Plaintiff was being detained, Mr. Paulino's Father was watching his son from his apartment window approximately twenty feet away. Mr. Paulino asked his Father to lock up his truck if he was arrested. Officer Cruz moved closer to Mr. Paulino and told him to shut up. Mr. Paulino informed Officer Cruz he wanted his Father to lock his truck if he was going to be arrested. Officer Cruz told Mr. Paulino to shut up again and closed the distance between himself and Mr. Paulino.

29. Without warning or provocation, Officer Cruz tackled Mr. Paulino to the ground slamming him into the side view mirror causing it to break. Officer Sohal and Officer Silva then joined in the physical assault by punching, slamming, kicking and striking Mr. Paulino with their batons as he was prone and defenseless on the ground. Officer Silva then served as a look out as Officer Cruz and Officer Sohal continued their beating of Mr. Paulino.

30. At no time prior to being assaulted did Mr. Paulino pose a threat or physically challenge the Defendants. At no time during this incident did Mr.

Paulino resist the Defendants or threaten them in anyway

31. After being thrown into the patrol vehicle and on to the pavement, Mr. Paulino was struck with batons approximately twelve to 15 times while on the ground and defenseless. Mr. Paulino was transported to the hospital where he received treatment for his injuries.

32. Mr. Paulino suffered abrasions, bruising and welts throughout his body. Mr. Paulino also suffered puncture wounds to his right arm from baton strikes and had four staples inserted to stabilize his right arm.

33. Subsequent to the physical assault of Mr. Paulino, Officer Cruz, Officer Silva and Officer Sohal submitted false police reports stating Mr. Paulino was uncooperative, resisted arrest and fought with the Defendants to cover up their unconstitutional arrest and physical assault of Mr. Paulino. Mr. Paulino was then arrested and charged with resisting arrest and driving under the influence.

34. On September 28, 2015, the Santa Clara County District Attorney's Office filed a criminal complaint alleging driving under the influence of alcohol and resisting arrest charges against Plaintiff. On March 29, 2016, the Santa Clara County District Attorney's Office dismissed all charges against Mr. Paulino when a video of the incident taken from a security camera showed the Defendants physically assaulting Mr. Paulino even though he was cooperating and complying with their investigation.

35. As a result of the foregoing, Plaintiff sustained serious injuries and emotional trauma consistent with the application of the excessive force used in the assault. Plaintiff further suffered intense physical and emotional pain, mental anguish, distress and despair and was deprived of his rights under the Fourth Amendment of the United States Constitution. The excessive force used against the Plaintiff Eliel Paulino by the Defendants was the proximate cause of Plaintiff's injuries.

////

# FIRST CLAIM

## VIOLATION OF THE 4th AMENDMENT - EXCESSIVE FORCE

## (42 U.S.C. § 1983)

36. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint.

37. Defendants are all responsible for Plaintiff's injuries, either because they were integral participants in their unconstitutional conduct, or because they failed to intervene to prevent these violations.

38. When the Defendants physically assaulted and batoned the Plaintiff without legal cause they violated the rights to be free from unreasonable search and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution, and applied to state actors by the Fourteenth Amendment.

39. These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

40. As a result of Defendants' conduct, Plaintiff has suffered significant psychological and physical harm, loss of his freedom and pain and suffering.

41. Defendants' acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's constitutional rights, thereby entitling Plaintiff to an award of exemplary or punitive damages.

42. The acts of the Defendants and each of them, that constitute deprivation of Plaintiff's civil rights and are the basis of the claims herein include:

    (a) Defendants' illegally arrested Plaintiff and employed unnecessary and excessive force in Plaintiff's detention, restraint and arrest, including but not limited to, inflicting physical trauma to his body, face, head, legs, back and arms. This trauma was a substantial factor in causing Plaintiff's physical injuries.

////

   (b) Defendants were grossly negligent or acted with reckless disregard for the risk of physical injuries when they forced Plaintiff to the ground, assaulted and batoned him repeatedly when Plaintiff was not fighting or resisting the Defendants. Defendants also failed to intervene while the Co-Defendants assaulted Plaintiff when he was defenseless and unable to protect himself.

   (c) Defendants were also grossly negligent and acted with reckless disregard for Plaintiff's injuries when they ignored Plaintiff's injuries to his right arm and forced him into handcuffs.

  43. As a direct and legal cause of the acts and omissions of the Defendants and each of them, Plaintiff has suffered damages, including without limitation, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained

## SECOND CLAIM
### (Battery)

  44. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 43 as though fully set forth herein.

  45. Plaintiff asserts a claim of battery against Defendants based upon the unlawful touching of Plaintiff which was the direct and legal cause of his injuries and the resulting damages and loss to Plaintiff. At all times during the unlawful touching of Plaintiff, Defendants were acting within the course and scope of their employment with the City of San Jose. The City of San Jose is thus vicariously liable for the acts of the Defendants who committed the battery upon Plaintiff pursuant to Government Code sections 815.2, subdivision (a) and 820, subdivision (a). The non-consensual contact by the involved Defendants against Plaintiff amounted to unreasonable force and included, but was not limited to, unnecessary and improper use of force and the improper and excessive use of the batons on Plaintiff.

46. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the Defendants were willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

47. The battery includes the Plaintiff being thrown into the patrol car and on to the ground and attacked by the Defendants while Plaintiff was not resisting and was lying in a defenseless prone position. The battery also includes repeated baton strikes of the Plaintiff by the Defendants when he was not threatening or physically challenging the Defendants.

48. As a direct and legal cause of the acts and omissions of the Defendants and each of them, Plaintiff has suffered damages, including without limitation, pain and suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

## THIRD CLAIM

### (Negligence)

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48 in this complaint.

50. Defendants were negligent, and/or reckless and such conduct caused harm to Plaintiff. Defendants were negligent and/or reckless in performing their duties and failed, neglected, and/or refused to properly and fully discharge his responsibility by, among other things:

   (a) Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officer under the same circumstances;

   (b) Failing to practice and follow sufficient police procedures to ensure the officers' and the public's safety;

   (c) Failing to exercise the proper method of arresting and detaining Plaintiff that resulted in the unnecessary escalation of force; and

51. As a result of Defendants' conduct, Plaintiff has suffered significant physical and emotional harm, pain and suffering.

## FOURTH CLAIM

### (Intentional Infliction of Emotional Distress)

52. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint.

53. The conduct of Defendants as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon Plaintiff.

54. As a proximate result of said Defendants intentional, malicious and oppressive conduct, Plaintiff suffered severe emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages against said Defendants and Plaintiff has suffered injuries and damages hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

### (Violation of Cal. Civ. Code §52.1 and California Common Law)

55. Plaintiff re-alleges and incorporates herein by reference each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. The California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los*

*Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

57.  Defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizures when they detained him and used excessive force against him without any warning and by telling him to shut up, knocking him down to the ground and striking him with their batons.  The Plaintiff was being detained and was not under arrest at the time his constitutional rights were violated.  At the time of the Defendants' use of excessive force, Plaintiff was not threatening or attempting to harm anyone, and Plaintiff was unarmed during the entirety of this incident.

58.  The conduct of Defendants' was a substantial factor in causing the harm, losses, injuries, and damages to Plaintiff.  As a result of the illegal and unlawful use of force, Plaintiff was caused to suffer severe pain and suffering.

59.  The City of San Jose is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

60.  The conduct of Defendants' was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.   Plaintiff seeks attorney's fees under this claim.

////

FIRST AMENDED COMPLAINT FOR DAMAGES

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For general damages against all Defendants, jointly and severally, to be determined at trial;

2. For special damages against all Defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages against the individual Defendants, and DOES 1-10, jointly and severally, in an amount to be proven at trial;

4. For attorneys fees under 18 U.S.C. Section 1988;

5. For costs of suit; and

6. For whatever further relief, including injunctive relief, as may be just and proper.

## JURY DEMANDED

Plaintiff hereby demands trial by Jury.

Dated: October 31, 2016        LAW OFFICES OF MORALES & LEANOS

By: /s/ *Jaime A. Leaños*
Jaime A. Leaños
Attorney for Plaintiff