# EXHIBIT "F"

JAIME A. LEAÑOS (#159471)
LAW OFFICE OF MORALES & LEAÑOS
75 East Santa Clara Street, Suite 250
San Jose, California 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102
Email: jleanoslaw@pacbell.net

Attorneys for Plaintiff
Eliel Paulino

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE FACILITY

| | |
|---|---|
| ELIEL PAULINO,<br><br>              Plaintiff,<br><br>v.<br><br>MARCO CRUZ, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, GERARDO SILVA, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, GURBAKSH SOHAL, INDIVIDUALLY AND AS AN OFFICER OF THE SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE,<br><br>              Defendants. | Case No.: CV 16-02642 - NC<br><br>**DECLARATION OF ROGER CLARK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

////

////

////

# DECLARATION OF ROGER A. CLARK

I, Roger A. Clark, declare as follows:

1. I am a police practices expert specializing in the procedures of police practices and proper police tactics, including proper procedures for the detention and arrest of individuals and the type and degree of force, if any, appropriate under different circumstances.

2. I am a competent adult and personally familiar with the facts contained herein and would and could competently testify thereto if called upon to do so.

3. My opinions are based in part on my training, professional experience and education. I am a twenty-seven year veteran of the Los Angeles County Sheriff's Department (LASD). I was hired on December 1, 1965, and I retired from active service on March 31, 1993. My career included six years at the rank of Deputy Sheriff, six years as a Sergeant, and fifteen years as a Lieutenant. I hold a California Peace Officer Standards and Training (POST) Advanced Certificate, and I am a graduate of the POST Command College (class #5).

4. As a Sergeant and as a Lieutenant, I served on the training staff of the Los Angeles County Sheriff's Department's Patrol School which taught the POST accepted investigation and apprehension methods.

5. During my assignment as the Administrative Lieutenant of the Department's Reserve Forces Bureau, I supervised the training of cadets at our Reserve Training Academy. They were taught proper investigation, interview, and apprehension procedures. I also lectured the Reserve Academy on the POST syllabus: "The Legal and Moral Use of Force and Firearms."

6. During the last five and one-half years of my career, I commanded a specialized unit known as the North Regional Surveillance and Apprehension Team (N.O.R.S.A.T.), which was created to investigate, locate, observe and arrest major (career) criminals. I held this position until my retirement from the Department on March 31, 1993. The majority of our cases were homicide cases. Arrests frequently

occurred in dynamic circumstances including crimes in progress.

7. As a Watch Commander and as a Lieutenant, I responded to, investigated, and reported on the use of force and officer involved shootings. Since my retirement, I have testified as an expert on jail procedures and jail administration, police procedures, police tactics, investigative procedures, shooting scene reconstruction, trajectory, bullet casings and police administration in Arizona State Courts, California Courts, Washington State Courts and Federal Courts in California, Texas, Colorado, Illinois, Indiana, Pennsylvania, and Washington.

8. I have reviewed the following reports, deposition and other related material:
   a. The First Amended Complaint.
   b. San Jose Police Department Incident Report, August 16, 2015, Bate Stamped, SJ0002-SJ0047.
   c. San Jose Police Department Event Detail Report, Bate Stamped, SJ0048- SJ0050.
   d. San Jose Police Department Event Chronology Report, Bate Stamped, SJ0051- SJ0061.
   e. Office of the District Attorney Bureau of Investigation, Statement of Mr. Juan Ramirez, February 23, 2016

9. Internal Affairs Complaint Letter (Excessive Force/Police Misconduct).

10. Hall of Justice, Court Minute Order.

11. Photographs (injuries, scene, officers):
   a. Bate Stamped SJ000062- SJ000115.

12. Deposition Transcripts:
   a. Officer Gurbaksh Sohal, October 19, 2016.
   b. Officer Marco Cruz, October 25, 2016.
   c. Mr. Juan Ramirez, November 22, 2016.
   d. Officer Gerardo Silva, November 22, 2016.
   e. Mr. Eliel Paulino (Plaintiff), November 21, 2016.

13. Audio Recordings:
    a. District Attorney Interview of Juan Ramirez.
    b. Dispatch Communication.
    c. Dispatch Phone call to SJPD Officer.
    d. DUI Interview with Mr. Paulino, by Officer Silva.
    e. Interview of Mr. Paulino, by Supervisor Tony Ruelas.
    f. Interview of Jose Luis Paulino (Father).
14. Video Recordings:
    a. Mr. Juan Ramirez Parking Lot Surveillance Video of Incident.
15. Post Learning Domain as Follows:
    a. #1. "Leadership, Professionalism & Ethics."
    b. #2. "Criminal Justice System."
    c. #3. "Policing in the Community."
    d. #15. "Laws of Arrest."
    e. #16. "Search and Seizure."
    f. #18. "Investigative Report Writing."
    g. #20. "Use of Force."
    h. #21. "Patrol Techniques."
    i. #28. "Traffic Enforcement."
    j. #33. "Arrest Methods/Defensive Tactics."
16. Young v. County of Los Angeles, 2011 WL 3771183 (9th Cir. 2011)
17. Incident Scene Images via Internet.
18. The use of force by the Defendants was excessive and unreasonable for the following reasons:
    a. The encounter was video recorded and observed via a security camera belonging to civilian witness Mr. Juan Ramirez
    b. According to testimony and reports, Officer Silva and Officer Sohal pulled Mr. Paulino over because of a mechanical defect – allegedly

DECLARATION OF ROGER CLARK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT         4         CV 16-02642 - NC

      inoperable or too dim rear license plate light (24601 CVC).

c. According to testimony and reports, Officer Silva and Officer Sohal did not observe impaired driving, excessive speed or failure of obey street signals.

d. As video recorded and as testified, after pulling into his parking stall Mr. Paulino did not flee the scene, approached the officers as ordered and obeyed every verbal instruction when he alighted from his truck and willingly submitted to a search for weapons.

e. As verified by Officer Sohal's physical search (including his crotch and waistband area), Mr. Paulino was never armed during the entire encounter.

f. Per the video, Mr. Paulino never threatened any Officer, never struck at, or attacked any Officer, and never made any furtive movements to suggest that he was concealing anything or had any ill intent toward any officer.

g. Per Juan Ramirez's testimony, Mr. Paulino never resisted, or attacked any Officer, and never made any furtive movements to suggest he was an immediate threat or had any ill intent toward any officer.

h. Per the video recording, Officer Cruz grabbed Mr. Paulino, caused him to lose his balance and threw him to the ground without legal justification to do so. Officer Cruz grabbing Mr. Paulino when he was not a threat or resisting arrest was excessive and unreasonable.

i. Per the recording, Officer Sohal delivered approximately 11 strikes with his police baton to Mr. Paulino's right arm/side. Per the recording, Officer Silva delivered at least two baton strikes to Mr. Paulino's stomach and legs.

j. The baton strikes by Officer Silva and Officer Sohal were excessive and unreasonable because Mr. Paulino was not a threat, nor was he resisting or fighting with the officers at the time he was struck by the batons.

k. A police baton is classified as a deadly weapon pursuant to section 12020 of the California Pena Code, and possession of a police baton without a license is a felony crime.

l. The ratio of officers to subject was 3 to one – Mr. Paulino and the three SJPD Officers.

m. Mr. Paulino suffered lacerations, cuts, and deep muscle contusions to his body and arms requiring medical treatment. Including 4 staples to close an open laceration on his arm.

n. Mr. Paulino was charged with resisting arrest, and DUI – the Santa Clara County District Attorney rejected the claims and Mr. Paulino was not charged after the video was reviewed.

o. Based on my review of the materials and the videotape of the incident, the force used by the officers and the baton strikes against Eliel Paulino, under the facts and circumstances of this case were unreasonable and excessive.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 18, 2017, at Santee, California.

_Roger A. Clark_
Roger A. Clark