JAIME A. LEAÑOS (#159471)
JAZMIN M. MORALES (#286894)
Law Office of Morales & Leaños
75 East Santa Clara Street, Suite 250
San Jose, California  95113
Telephone:   (408) 294-6800
Facsimile:    (408) 294-7102
Email:         jleanoslaw@pacbell.net
                  jmmoraleslaw@gmail.com

Attorneys for Plaintiff
ELIEL PAULINO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

| | |
|---|---|
| ELIEL PAULINO,<br><br>                    Plaintiff,<br><br>v.<br><br>MARCO CRUZ, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, GERARDO SILVA, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, GURBAKSH SOHAL, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE, | **CASE NO.:  16-cv-02642-NC**<br><br>**PLAINTIFF'S MOTIONS IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING CERTAIN IRRELEVANT AND PREJUDICIAL EVIDENCE AND ARGUMENT AT TRIAL; MEMORANDUM OF LAW**<br><br>Date:           July 5, 2017<br>Time:          2:00 p.m.<br>Court Room:   7<br>Judge:         Nathaniel Cousins |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on July 5, 2017, at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 7 of the above-entitled Court, Plaintiff will and hereby moves the court by way of these Motions in Limine to exclude any evidence that is

irrelevant and prejudicial.  Plaintiff makes this Motion under Federal Rules of Evidence 401, 402, and 403.  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: June 21, 2017

                                          Respectfully submitted,

                          By:  /s/ *JAIME A. LEAÑOS*
                                Attorney for Plaintiff
                                Eliel Paulino

## I. PRELIMINARY STATEMENT

At trial, Plaintiff anticipates Defendants referencing Eliel Paulino's legal status, that he was drunk driving, and had empty beer cans inside his vehicle at the time of the incident, all of which have no bearing whatsoever on the issue in this case—whether the Defendants' violated Plaintiff's constitutional rights when they grabbed him, threw him to the ground and struck him with their batons when he was not a threat and not resisting arrest. Accordingly, any evidence of Plaintiff's legal status, that he was drunk driving and that he had empty beer cans inside his vehicle, is irrelevant and prejudicial and should be excluded.

Plaintiff also anticipates that the defense will attempt to introduce evidence that Defendant Gerardo Silva conducted a probation arrest for drug sales one week earlier in a different apartment complex. There is no connection between the prior arrest one week earlier and the Defendants' use of force in this incident. Therefore, the prior arrest for drug sales by Officer Silva's is also irrelevant and prejudicial and should be excluded.

### A. **MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  Evidence of Plaintiff's Legal Status is Irrelevant and Prejudicial and should be excluded Under Federal Rules of Evidence 402 and 403.**

At the time of the incident, Plaintiff provided the Defendants' with a Mexican identification card and anticipates the Defendants' may attempt to question Plaintiff's legal status during trial. However, this information is not relevant to the use of force and should be excluded. First, this evidence is irrelevant and inadmissible under Federal Rule of Evidence 402. To be relevant, evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The key issue at trial will be whether the Defendant-Officers' use of force was reasonable and whether Plaintiff resisted arrest at the time of the incident. Thus, Plaintiff's legal status is immaterial to any consideration of fact that the jury will make in deciding this case.

"When a jury measures the objective reasonableness of an officer's action, it must stand in *his* shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation. Knowledge of facts and circumstances gained after the fact . . . has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment." *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir. 1988) [Evidence that plaintiff was unarmed at the time of the shooting was irrelevant to determination of excessive force because such information was not known to the defendant officer when he fired his gun.]

It is undisputed that during the incident, Defendant Officers had no information regarding Plaintiff's legal status. Neither of the Defendant Officers claims that Defendant's legal status was a factor in their decision to use excessive force against Plaintiff. Thus, admission of evidence of Plaintiff's legal status would possess the jury with more information than the Defendant-Officers possessed when they exercised excessive force and is therefore improper and irrelevant to the determination of whether Defendant -Officers acted reasonably under the circumstances. Accordingly, any evidence of his legal status should be excluded.

Alternatively, the evidence should be excluded under Federal Rule of Evidence 403. Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time.  Fed. R. Evid. 403. "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

As set forth above, there is little or no probative value to evidence regarding the legal status of the Plaintiff and "[i]t certainly possesse[s] the potential for unfair prejudice. In this case, a real danger exists that the jury will judge the Plaintiff unfairly because of his legal status. It [is] thus within the discretion of the trial court to exclude the evidence under [Rule] 403." Accordingly, Plaintiff respectfully requests that the Court alternatively exclude evidence and argument regarding legal status at the time of the incident under

Rule 403.

## 2. The Defendants Should Be Excluded From Testifying That the Plaintiff Was Impaired and Had a Blood Alcohol Level of .10 after his arrest under Federal Rules of Evidence 402 and 403.

After Plaintiff's arrest, he was taken to the hospital and treated for his injuries. Plaintiff's blood was drawn he had a blood alcohol level of .10. Plaintiff anticipates the Defendants' may attempt to introduce the blood alcohol level to show he was impaired at the time of his arrest. This evidence would also implicitly suggest that Plaintiff was drunk driving prior to being stopped. "[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. Rule 402 states in part that evidence which is not relevant is not admissible. Evidence of facts and circumstances not known to the officers during their encounter with Plaintiff are irrelevant. *Graham v. Connor*, 490 U.S. 385, 397 (1989); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's " possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"—even though the facts of the incident were profoundly disputed).

Here, evidence that the Plaintiff was impaired is irrelevant to whether it was objectively reasonable for the Defendants' to use force against Plaintiff. It is undisputed that the officers stopped Plaintiff's vehicle for not having a proper license plate light and thereafter conducted a DUI investigation. Further, at the time of the incident, Defendant

Officers had not completed their DUI investigation; neither Defendant Officer had determined Plaintiff's level of impairment; neither Defendant Officer was aware of Plaintiff's blood alcohol level; and Plaintiff was not under arrest for a DUI. Again, to admit such evidence would possess the jury with more information than the Defendant Officers possessed when they exercised excessive force and is therefore improper and irrelevant to the determination of whether Defendant Officers acted reasonably under the circumstances. Accordingly, any evidence of Plaintiff's level of impairment must be excluded.

Furthermore, the Defendants do not have any admissible evidence, such as *proper* expert testimony, to show that the Plaintiff's alleged alcohol use makes it more likely that the defense rather than the Plaintiffs' theory regarding excessive force is correct. The jury should not be permitted to make this illogical and speculative inference. Moreover, to the extent Defendants may argue that the alcohol evidence may bear on Plaintiff's state of mind, his subjective state of mind is not at issue—rather, the issue is whether the use of force was objectively reasonable under the circumstances the Defendant-Officers confronted. *Graham*, 490 U.S. at 397.

Alternatively, this evidence should be excluded under Federal Rule of Evidence 403. Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. Fed. R. Evid. 403. "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Evidence of alcohol and drug use can only serve to unjustly inflame a jury's passions and prejudices against a party—here, Defendants and Plaintiffs. *See Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1.)

The inflammatory evidence is therefore likely to mislead or confuse the jury into

reaching a verdict that reflects its consideration of Plaintiff's alcohol use as a reason justifying the use of force or limiting Plaintiffs' damages on an improper basis. Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Defendant-Officers' use of force was reasonable under the circumstances.

### 3. Evidence that Plaintiff had numerous empty beer cans in his vehicle at the time of the incident is Irrelevant and Prejudicial and should be excluded Under Federal Rules of Evidence 402 and 403.

Plaintiff anticipates that the Defendants' will attempt to introduce photographs showing numerous empty beer cans located inside his vehicle after his arrest. For the same reasons discussed above, any photographs of beers cans located inside the Plaintiff's vehicle are not relevant and have no bearing on whether the Defendant-Officers' use of force was reasonable or excessive since the Defendants' are not claiming that their use of force was because of beer cans they observed in Plaintiff's vehicle. Moreover, evidence of alcohol use can only serve to unjustly inflame a jury's passions and prejudices against a party—here, Defendants and Plaintiffs. *See Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1.) Therefore, any photographs of the empty beer cans located in the Plaintiff's vehicle, should be excluded under F.R. E. 402 and 403.

### 4. Evidence that Officer Silva arrested a person for a drug related offense prior to this Incident is irrelevant and prejudicial and should be excluded Under Federal Rules of Evidence 402 and 403.

Plaintiff anticipates that the Defendants' will attempt to introduce testimony that

Officer Silva arrested a person near Mr. Paulino's apartment for a drug related offense prior to this incident. First, this evidence is irrelevant and inadmissible under Federal Rule of Evidence 402. To be relevant, evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. There is no relevance to this evidence, as Plaintiff was not involved in the prior incident. The key issue at trial will be whether the Defendant-Officers' used unreasonable and excessive force. Because the Defendants stated during their depositions that they did not recognize the Plaintiff and they did not have prior contacts with him or his apartment it is improper evidence and irrelevant to the reasonableness of Defendant-Officers use of force.

Alternatively, this evidence should be excluded under Federal Rule of Evidence 403. Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. Fed. R. Evid. 403. Therefore, any testimony from Officer Silva about a prior unrelated arrest that occurred near Plaintiff's apartment should be excluded under F.R. E. 402 and 403.

DATED: June 21, 2017                LAW OFFICES OF MORALES & LEAÑOS

                                             By    /s/ *Jaime A. Leaños*
                                                    Attorney for Plaintiff
                                                    ELIEL PAULINO