JAIME A. LEAÑOS (#159471)
JAZMIN M. MORALES (#286894)
Law Office of Morales & Leaños
75 East Santa Clara Street, Suite 250
San Jose, California  95113
Telephone:  (408) 294-6800
Facsimile:   (408) 294-7102
Email:        jleanoslaw@pacbell.net
                   jmmoraleslaw@gmail.com

Attorneys for Plaintiff
ELIEL PAULINO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

| | |
|---|---|
| ELIEL PAULINO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MARCO CRUZ, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, GERARDO SILVA, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, GURBAKSH SOHAL, INDIVIDUALLY AND AS AN OFFICER OF THE  SAN JOSE POLICE DEPARTMENT, AND DOES 1-10, INCLUSIVE, | **CASE NO.:  16-cv-02642-NC**<br><br>**PLAINTIFF'S  OPPOSTION TO DEFENDANTS MOTIONS IN LIMINE**<br><br>Date:             July 5, 2017<br>Time:            2:00 p.m.<br>Court Room:  7<br>Judge:           Nathaniel Cousins |

**I.    Opposition  to Defendants' Motion in Limine No. 1**

**A.    Under FRE 404(b), Prior Bad Acts By The Defendants Are Relevant and Necessary to show Knowledge, Motive, Intent and the Absence of Mistake and to Prove Plaintiffs' Excessive Force Claim and State law claims.**

////

The Court should deny Defendants' Motion in Limine No. 1 to exclude "Prior Bad Acts" of the Defendant officers. Evidence that Officer Cruz, Officer Sohal and Officer Silva were involved in a similar incident is admissible under FRE 404(b) to show motive, intent, absence of mistake or accident, and is probative to Plaintiff's State law claim for battery and whether Mr. Paulino resisted arrest.

On March 17, 2015, the Defendants in this case, Officer Cruz, Officer Sohal and Officer Silva, were involved in a very similar incident that resulted in Mr. Octavio Perez being taken to the hospital. Similar to their claim in the Perez case, the Defendants' claim Mr. Paulino pulled away from Officer Cruz and resisted arrest. As in Plaintiff's case, Mr. Perez was contacted in a gang neighborhood and arrested for being under the influence and resisting arrest. In that case, Officer Sohal claims he grabbed Mr. Perez, who pulled away and resisted.  Officer Cruz, Officer Sohal and Officer Silva, then physically assaulted Mr. Perez. During his arrest he was beaten and hogtied. After being charged with being under the influence and resisting arrest, the case against Mr. Perez was dismissed when his blood test came back negative for drugs and alcohol.

Plaintiff has alleged in this case that the Defendants' exercised unreasonable and excessive force when they assaulted the Plaintiff when he was cooperative and not a threat to their safety.  Evidence of any prior complaints or lawsuits involving the Defendants is highly relevant and admissible to show Defendants' knowledge, motive, intent, or the absence of mistake or accident under Federal Rule of Evidence 404(b).  *See Perry v. City of Gary, Ind.*, No. 2:08-CV-280-JVB-PRC, 2009 WL 2253157, at *6 (N.D. Ind. July 27, 2009) (holding that "the information regarding complaints of excessive force against the Defendant officers and all other Gary Police Officers, including documents related to any investigation of such complaints, and training provided to investigators of such complaints, is directly relevant to Plaintiff's § 1983 claims"). Evidence regarding prior complaints and lawsuits brought against the Defendants-Officers, particularly when those complaints and lawsuits  allege unreasonable or excessive force and battery, is therefore relevant to show knowledge, motive and intent of the Defendants.

The four factors that must be met under Rule 404(b) are as follows: 1) The must be sufficient proof for the jury to find that the defendant committed the other act; 2) The other act must not be too remote in time; 3) The other act must be introduced to prove a material issue in the case; and, 4) The other act must, in some cases, be similar to the offense charged.

The four factors required for the prior bad act to be admissible in this case are satisfied. (See *Duran v. City of Maywood,* 221 F.3d 1127 (9th Cir. 2000).) First, there is sufficient proof for the jury to find that the Defendants committed the other act. There is no dispute that Officer Cruz, Officer Silva and Officer Sohal, the same Defendants in Mr. Paulino's case, were involved in the assault of Mr. Perez. (San Jose Police Report SJ 2015-150751168, attached to Declaration of Jaime A. Leaños ("Leaños Decl."), as Exhibit A, Bates Stamped 000179-000187.) (Photographs of Defendant Officers, attached to Leaños Decl. as Exhibit B, Bate Stamped 000188-000190.) As in Plaintiff's, case the Defendants' stated that Mr. Perez was under the influence, resisted arrest and they were required to use force that resulted in being injured and taken to the hospital. (Photographs of Mr. Perez's injuries, attached to Leaños Decl. as Exhibit C, Bates Stamped 000191-000192.)

Secondly, the prior incident involving Mr. Perez, occurred on March 17, 2017, just five months before Mr. Paulino's incident, and therefore is not remote in time.

Thirdly, the incident involving Mr. Perez is material to Plaintiff's state law battery claim and to show knowledge, motive, intent, or the absence of mistake or accident. In *Andrews v. City and County of San Francisco* (1998) 205 Cal.App.3d 938, the court considered the admissibility of an officer's acts of excessive use of force under a California rule of evidence[1] that is materially indistinguishable from Federal Evidence

---

[1] California Evidence Code section 1101 provides:
> (a) Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion.

- 3 -

Code section 404(b). The court reasoned that evidence that the defendant officer "had a practice of bullying and assaulting other persons under his custody without provocation or apparent reason would tend to show that the injuries suffered by plaintiff were not the product of efforts to control him, but were inflicted intentionally and with malice," and concluded that intent was a central issue in that case. *Andrews*, 205 Cal.App.3d at 945. Further, the court held that evidence of other acts was admissible to prove intent and absence of mistake. *Id.* Under *Andrews*, evidence of the Defendants' prior misconduct is admissible to prove intent which is an essential element of the state law claim of battery. Moreover, Rule 404 explicitly permits the admission of evidence of other "wrongs" or "acts" to prove intent, which is a critical component of Plaintiffs' entitlement to punitive damages.

The final element under FRE 404(b) is also satisfied because the same Defendant Officers, as in Plaintiff's case, claim Mr. Perez was under the influence and resisted arrest, prior to physically assaulting him. Moreover, as in Mr. Paulino's case, Mr. Perez's criminal case was dismissed by the Santa Clara County District Attorney's Office when his blood test results came back negative for alcohol and drugs. (Court Minute Order Dismissal for Mr. Perez, attached to Leaños Decl. as Exhibit D, Bate Stamped 000193.)

Further, the probative value of this evidence is not outweighed by any potential for prejudice and would not result in a full-blown trial within a trial. Unlike the other misconduct that was excluded in *Duran v. City of Maywood,* 221 F.3d at 1133, which would have required the testimony of eighteen to twenty three witnesses and four experts, an inquiry into the incident involving Mr. Perez would require the testimony of only one

---

(b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act.

(c) Nothing in this section affects the admissibility of evidence offered to support or attack the credibility of a witness.

additional witness. The same danger of confusion of the issues, misleading the jury, undue delay and waste of time feared in *Duran v. City of Maywood* simply does not exist in this case.

## II. Opposition to Defendants' Motion in Limine No. 2

### A. The Jury Should Know That Mr. Paulino's Criminal Case Was Dismissed.

The jury will hear evidence that Mr. Paulino was arrested for resisting arrest. To some jurors, this may result in a determination that the force used by the Defendants was therefore reasonable. In fact, the criminal case against Mr. Paulino was dismissed in the interest of justice. That fact is not in dispute. To say nothing about the outcome would leave the jury guessing and invite speculation. Plaintiff believes that the jury should be informed as follows: "After Eliel Paulino's arrest, further investigation developed additional evidence that led the District Attorney to drop the criminal charges and dismiss the case." This is an accurate statement of what occurred and the jury should not be left speculating as to the final outcome of Mr. Paulino's arrest.

## III. Opposition to Defendants' Motion in Limine No. 3

The Plaintiff has no objection to Defendants' motion in limine no. 3.

## IV. Opposition to Defendants' Motion in Limine No. 4

The Plaintiff has no objection to Defendants' motion in limine no. 4.

## V. Opposition to Defendants' Motion in Limine No. 5

The Plaintiff has no objection to Defendants' motion in limine no. 5. However, if the Defense opens the door, during their questioning of witnesses, the Plaintiff may seek to introduce opinion evidence of Plaintiff's character.

////

### VI.   Opposition to Defendants' Motion in Limine No. 6

Plaintiff was arrested and charged with driving under the influence, driving without a license, driving with a blood alcohol level of .08 or higher and resisting arrest.  Based on his arrest, his vehicle was impounded. He was required to pay $2,820.00 to get his vehicle out of impound. (Notice of Impound & Receipt for Payment, Attached to Leaños Decl. as Exhibit E, Bates Stamped 000193-000194.)  The $2,820.00 is an out of pocket expense attributed to this incident and therefore relevant to his damages.

### VII.   Opposition to Defendants' Motion in Limine No. 7

Plaintiff objects to Defendants motion in limine to exclude the video with graphics. The video will be used during closing argument to highlight the identity of the officers, use of force and the injuries to the Plaintiff. These issues are relevant for the jurors' consideration and Plaintiff anticipates the video being shown during closing arguments.

### VIII.   Opposition to Defendants' Motion in Limine No. 8

Plaintiff objects to Defendants motion in limine number 8 because Mr. Clark is not testifying about the honesty of the Defendants.  Mr. Clark's opinion that the reports submitted by the Defendants' are false is based on the testimony of civilian witness Juan Ramirez and his review of the video. POST instructs that police reports must be a truthful and accurate record of an incident.  The testimony of Juan Ramirez and the video of the incident are in dispute with the police reports and is relevant as to whether the Defendants' complied followed their POST training by accurately summarizing this event.

### IX.   Opposition to Defendants' Motion in Limine No. 9

The Plaintiff has no objection to Defendants' motion in limine no. 9.

////

////

////

DATED:  June 28, 2017              LAW OFFICES OF MORALES & LEAÑOS

                                    By     /s/ *Jaime A. Leaños*
                                          Attorney for Plaintiff
                                             ELIEL PAULINO